UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| NASSOU CISSE,<br><br>    Plaintiff,<br><br>-v-<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>    Defendant. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. Plaintiff, Nassou Cisse, a Colorado resident, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that one of the largest consumer credit reporting agencies, Equifax ("CRA"), failed to follow reasonable procedures to ensure maximum accuracy of credit reports it prepared concerning Plaintiff and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

2. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

3. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1681, *et seq*., and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Defendant regularly conducts business within the state of Colorado and violated

Plaintiff's rights under the FCRA in the state of Colorado as alleged more fully below.

5. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

6. Plaintiff, Nassou Cisse ("Plaintiff"), is a resident of Arapahoe County in the State of Colorado and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Equifax Information Services, LLC is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

8. Equifax's principal place of business is 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

## FACTUAL ALLEGATIONS

9. Sometime in April of 2021, Plaintiff noticed that Equifax was reporting a FEDLOAN tradeline on her credit report with a zero balance and a current payment status of 90-119 Days Past Due.

10. The reporting of an account that has been closed or transferred with a zero balance and a late payment status is inconsistent with the industry standard.

11. The payment status field is specifically designed to be understood as the current status

of the account. As such, the credit scoring algorithms specifically take this data field into account when calculating and generating a credit score.

12. This reporting was materially misleading because it conveyed that Plaintiff was currently delinquent on payments when that was not the case.

13. As a result, Plaintiff's credit score is negatively impacted because the credit report is being interpreted to mean that Plaintiff is currently late, despite the fact that they have a zero balance and zero monthly obligations.

14. A lower credit score hurts consumer's creditworthiness because lenders have different tiers of risk, and a consumer with a lower credit score will often be placed into a lower tier. This can cause consumers, like the Plaintiff to be denied credit or to receive credit at a more expensive cost.

15. Plaintiff, realizing the inherent contradiction of being marked late while no balances existed, sent dispute letters on or around April 15, 2021, directly to Defendant Equifax. In her dispute letter Plaintiff noted the inconsistency, requested that an investigation be conducted, and that the inaccurate information be updated.

16. Upon receipt of the dispute letter, the credit bureau Equifax notified the Furnisher of Plaintiff's dispute.

17. Instead of conducting a reasonable investigation, the Defendant verified the account as accurate and has continued to report the negative information, causing the Plaintiff harm.

18. Plaintiff has been forced to deal with the aggravation, humiliation, and embarrassment of a lower credit score, as a result of Defendants' conduct.

19. At all times pertinent hereto, Equifax's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the

FCRA.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST EQUIFAX

20. All preceding paragraphs are realleged.

21. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

22. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

23. Plaintiff initiated disputes with Equifax requesting that it correct specific items in her credit file that are patently inaccurate and damaging to her.

24. Equifax, after either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on her credit file, something that any basic investigation would have prevented.

25. As a direct and proximate result of Defendant Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EQUIFAX

26. All preceding paragraphs are realleged.

27. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency

prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

28. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff; it would have removed the inaccurate information being reported on the Plaintiff's credit report.

29. As a direct and proximate result of Equifax's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## DEMAND FOR TRIAL BY JURY

30. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendant a follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that Defendant's conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining Defendant from engaging in the unjust and unlawful conduct alleged herein; and

H.  Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: November 16, 2021

By:   /s/ Yitzchak Zelman

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
yzelman@marcuszelman.com

*Attorneys for Plaintiff*